*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| COMSULT LLC and ROGER DAVIS, | ) ) | Supreme Court No. S-16113 |
| | ) | |
| Appellants, | ) | Superior Court No. 3AN-10-11956 CI |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| GIRDWOOD MINING COMPANY, | ) | No. 7182 – June 23, 2017 |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Patrick J. McKay, Judge.

Appearances: Michael A. Grisham and Katherine E. Demarest, Dorsey & Whitney LLP, Anchorage, for Appellants. William D. Artus, Anchorage, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, and Carney, Justices. [Bolger, Justice, not participating.]

STOWERS, Chief Justice.

## I.     INTRODUCTION

Girdwood Mining Company transferred stock and mineral royalty interests to Comsult LLC pursuant to a contract between the parties. Girdwood Mining later refused to perform its obligations with respect to the stock and royalty interests, arguing that the contract transferring the stock and royalty interests was illegal. The superior court ruled that because the contract was illegal, it would not grant relief to either party.

Comsult appeals seeking enforcement of its stock and royalty interests. We hold that Comsult's stock and royalty interests and its rights to enforce them remain valid, and we reverse the superior court's decision.

## II.    FACTS AND PROCEEDINGS

This is the second time this case has come before us. In our prior opinion we described the underlying facts:

> Girdwood Mining Company and Comsult LLC, a consulting company, entered into two agreements in August 2003: a Management Agreement and a Fundraising Agreement. Under the Management Agreement, Comsult would provide management services for Girdwood Mining and in return would receive a retainer in the form of a grant of stock plus regular cash payments. Under the Fundraising Agreement, Comsult would bring new capital investment to Girdwood Mining and in return would receive royalty interests and stock. . . .

> After the business relationship between Girdwood Mining and Comsult soured, the parties executed a Memorandum of Understanding in July 2004 terminating both prior agreements. Under the Memorandum, Girdwood Mining was to compensate Comsult for its performance under the Management Agreement by issuing a promissory note, and Girdwood Mining was to compensate Comsult for its performance under the Fundraising Agreement by awarding Comsult 60,000 shares of stock and a one-percent precious-metals royalty. In October 2007 Comsult sued Girdwood Mining, seeking payment on the unpaid promissory note, and Girdwood Mining confessed judgment in February 2008. Girdwood Mining did not argue as a defense to that suit that any of the agreements between Girdwood Mining and Comsult were illegal and unenforceable.

> The current case began in November 2009 when Girdwood Mining sued Comsult seeking to cancel Comsult's

stock and royalty interests that compensated Comsult for the termination of the Fundraising Agreement under the Memorandum. Girdwood Mining argued that the relevant portions of the agreements are illegal under Alaska securities law and that they are therefore void and the interests granted thereunder are subject to rescission on equitable grounds.[1]

The superior court granted summary judgment in favor of Comsult on the grounds that Girdwood Mining's suit was barred by the base-no-suit provision in Alaska securities law[2] and by res judicata.[3] We reversed on both grounds.[4]

Roughly a month prior to oral argument in the first appeal to this court, Girdwood Mining sent a letter to Comsult announcing that it would not honor Comsult's 60,000 shares of stock or one-percent royalty interest, effectively granting itself the relief that it sought in court. On remand Comsult counterclaimed for declaratory and injunctive relief and damages. The superior court ruled that the Fundraising Agreement violated Alaska securities law. Girdwood Mining then filed a motion to establish law of

---

[1]     *Girdwood Mining Co. v. Comsult LLC*, 329 P.3d 194, 196 (Alaska 2014) (footnote omitted). Roger Davis is the primary owner and managing member of Comsult. Girdwood Mining also listed Davis as a defendant. As we did in our prior opinion, we refer to the defendants together as Comsult. *Id.* at 196 n.1.

[2]     Under the base-no-suit provision of the Alaska Securities Act

>    [a] person who makes or engages in the performance of a contract in violation of a provision of this chapter or regulation or order under this chapter, or who acquires a purported right under the contract with knowledge of the facts by reason of which its making or performance is in violation, may not base a suit on the contract.

AS 45.55.930(g).

[3]     *Girdwood Mining*, 329 P.3d at 196-97.

[4]     *Id.* at 197-202.

the case, and Comsult filed a cross-motion for summary judgment and rule of law. The court partially granted Girdwood Mining's motion to establish law of the case and Comsult's cross-motion for rule of law and denied Comsult's cross-motion for summary judgment. The court denied any relief to either party applying the principle that it "should not lend [its] good offices to mediating disputes among wrongdoers."

## III. STANDARD OF REVIEW

Comsult appeals the denial of its cross-motion for summary judgment, the partial denial of its cross-motion for rule of law, and the partial grant of Girdwood Mining's motion to establish law of the case. "We review rulings on motions for summary judgment de novo, 'reading the record in the light most favorable to the non-moving party and making all reasonable inferences in its favor.' A party is entitled to summary judgment only if there is no genuine issue of material fact and if the party is entitled to judgment as a matter of law."[5] We review questions of law de novo, "adopting the rule of law most persuasive in light of precedent, reason, and policy."[6]

## IV. DISCUSSION

**Stock And Royalty Interests Are Enforceable Even If They Were Obtained In An Illegal Contract.**

Alaska Statute 45.55.930(g) bars suits based on contracts that violate Alaska securities law. Girdwood Mining argues that this provision bars Comsult from suing to enforce the stock and royalty interests that stem from the illegal Fundraising Agreement.[7] We disagree.

---

[5] *Id.* at 197 (quoting *ConocoPhillips Alaska, Inc. v. Williams Alaska Petroleum, Inc.*, 322 P.3d 114, 122 (Alaska 2014)).

[6] *Id.* (quoting *ConocoPhillips*, 322 P.3d at 122).

[7] Comsult appeals the superior court's decision that the Fundraising
(continued...)

-4- **7182**

We interpreted the base-no-suit provision of AS 45.55.930(g) in our prior opinion in this case. We explained that "[a]s a matter of textual interpretation, to 'base' a suit on a contract is to seek to vindicate legal rights established by the contract. In other words, to base a suit on a contract is to seek relief on the basis of the contract's validity."[8] "[T]he basis of any lawsuit," we continued, "is the source of law that creates the plaintiff's cause of action by establishing legal rights that might be vindicated in court if abridged."[9] We held that a "lawsuit[] that [sought] relief on the premise that a contract is illegal, and therefore unenforceable, under Alaska's securities law" was not "base[d]" on the contract but rather on "extra-contractual principles governing the validity of illegal contracts and the availability of remedies."[10]

Both stocks and mineral royalty interests are property. And, on the facts of this case, both are protected by sources of law outside of contract law. A suit to enforce property rights under the circumstances of this case is not a suit under the contract that transferred the property rights.[11] In this case Comsult does not rely on its

---

[7](...continued)
Agreement was illegal. Comsult also argues that the stock and royalty interests were actually transferred under the superseding Memorandum of Understanding and not the Fundraising Agreement. Because Comsult prevails regardless of the answers to these questions, we assume without deciding that the Fundraising Agreement was illegal and that the stock and royalty interests were transferred under that agreement.

[8]     *Girdwood Mining*, 329 P.3d at 197 (citing *Insight Assets, Inc. v. Farias*, 321 P.3d 1021, 1027 (Utah 2013)).

[9]     *Id.* at 198.

[10]     *Id.* (emphasis omitted).

[11]     *See, e.g.*, AS 10.06.305(b) ("All shares of a class shall have the same voting, conversion, and redemption rights and other rights, preferences, privileges, and
(continued...)

contract with Girdwood Mining but on the rights that stem from its ownership of property. Thus AS 45.55.930(g) does not bar Comsult's suit from going forward.

Girdwood Mining concedes that Comsult owns the property in question but argues that any court order enforcing these property rights would order the execution of an illegal contract.[12]  It argues that the Fundraising Agreement remains executory because Girdwood Mining still has obligations to Comsult by reason of Comsult's ownership of its stock and royalty interests.

An executory contract is a contract that "has not as yet been fully completed or performed."[13]  Comsult has already provided Girdwood Mining with all the contracted-for services, and Girdwood Mining has already issued all the contracted-for stock and royalty interests.  There is nothing more for either party to perform under the Fundraising Agreement or the parties' settlement of their disputes under the Fundraising

---

[11](...continued)
restrictions . . . ."); AS 10.06.542(a) ("[A]ll shares of the same class or series shall be treated equally with respect to a distribution of shares, cash, property, rights, or securities in any plan of merger, consolidation, or share exchange."); *K & K Recycling, Inc. v. Alaska Gold Co.*, 80 P.3d 702, 717 (Alaska 2003) ("The tort of conversion is 'an intentional exercise of dominion and control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.'" (quoting *Carver v. Quality Inspection & Testing, Inc.*, 946 P.2d 450, 456 (Alaska 1997))).

[12]    *See Epps v. 4 Quarters Restoration LLC*, 872 N.W.2d 412, 425 (Mich. 2015) ("It is . . . well settled that, if a contract be void as against public policy, the court will neither enforce it while executory, nor relieve a party from loss by having performed it in part." (quoting *Turner v. Schmidt Brewing Co.*, 270 N.W. 750, 752-53 (Mich. 1936))); *Bernhard v. Taylor*, 31 P. 968, 969 (Or. 1893) ("While the contract is executory, the law will neither enforce it nor award damages; but, if it is already executed, nothing paid or delivered can be recovered back.").

[13]    *Knaebel v. Heiner*, 673 P.2d 885, 887 n.5 (Alaska 1983) (citing *Executory Contract*, BLACK'S LAW DICTIONARY (5th ed. 1979)).

Agreement. Comsult's counterclaim therefore does not ask the court to execute an illegal contract: it asks the court to order Girdwood Mining to recognize its stock and royalty interests. Just because Girdwood Mining may have an obligation to pay dividends or money in the future by virtue of Comsult's ownership of stock and royalty interests does not make the contract itself executory.

Girdwood Mining's analogy to cases in which courts have declined to enforce promissory notes and mortgages similarly fails.[14] Promissory notes and mortgages are part and parcel of the contractual bargain. Indeed a promise to pay in the future can be included in a contract or as a separate promissory note that accompanies a contract.[15] Stocks and mineral royalty interests differ significantly from promissory notes and mortgages. They are devices that exist outside of the contract and are defined by wholly different areas of law.

A suit to enforce stock and royalty interests — both of which are species of property that carry independent rights — is a suit on the stock and royalties themselves and not on the contract (even if illegal) that transferred them. Thus we are not called on to enforce a contract. Comsult owns the stock and royalties, and its rights to enforce them remain valid.

## V.    CONCLUSION

We REVERSE the order of the superior court and REMAND for further proceedings consistent with this opinion.

---

[14] *See, e.g.*, *Derico v. Duncan*, 410 So. 2d 27 (Ala. 1982) (mortgage); *Solomon v. Gilmore*, 731 A.2d 280 (Conn. 1999) (mortgage); *Conn. Nat'l Bank v. Giacomi*, 699 A.2d 101 (Conn. 1997) (promissory notes).

[15] *See, e.g.*, *Conn. Nat'l Bank*, 699 A.2d at 128-29 (unenforceable promissory note); *Arcidi v. Nat'l Ass'n of Gov't Emps.*, 856 N.E.2d 167, 171 (Mass. 2006) (unenforceable promise to pay contained in contract).